# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Christopher Caston Miller,

Debtor.

Case No. 19-05390
Chapter 13
Hon. Scott W. Dales
Filed: December 31, 2019

# PRE-CONFIRMATION AMENDED CHAPTER 13 PLAN
# AMENDMENT #1

## III. DISBURSEMENTS

### C. SECURED CLAIMS.

**2. Personal Property:**

**b. Secured Claims Subject to Final Paragraph of 11 U.S.C. § 1325(a):** Each secured creditor in this class has a lien that is not subject to 11 U.S.C. § 506.[i] Claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate specified in the proof of claim, whichever is lower.

| Creditor, Address & Account No. | Collateral | Balance Owing | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
| ~~Sheffield Financial Co Attn Credit Disputes Dept. Clemmons, NC 27012 #1808~~ | ~~Bad Boy Zero turn lawn mower~~ | ~~$5,637.00~~ | ~~2.00%~~ | ~~$200.00~~ | ~~$200.00~~ |
| N/A | | | | | |

**c. Secured Claims Subject to 11 U.S.C. § 506**[ii]**:** Claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate specified in the proof of claim whichever is lower. Creditor will be paid the lesser of the balance due as a secured claim as set forth in the proof of claim, or the fair market value (FMV) of the collateral as a secured claim, with any balance due over FMV treated as a general unsecured claim.

| Creditor, Address & Account No.[iii] | Collateral | FMV | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
| Sheffield Financial Co PO Box 1847 Wilson, NC 27894 #1808 | Bad Boy Zero turn lawn mower | $5,000.00 | 3.99 % | $200.00 | $200.00 |
| N/A | | | | | |

---

[i] Such a claim is not subject to "cramdown" and will be paid the full balance owing. If the collateral is a motor vehicle and is destroyed, the Debtor(s), with consent from the secured creditor and Trustee, or by order of the Court, may use the collateral insurance proceeds to purchase replacement collateral, to which the creditor's lien shall attach.

[ii] If the collateral is a motor vehicle and is destroyed, the Debtor(s), with consent from the secured creditor and Trustee or by order of the Court, may use the collateral insurance proceeds to purchase replacement collateral, to which the creditor's lien shall attach.

[iii] If the creditor files a proof of claim with a balance owing which is different from the amount listed above, the proof of claim shall control as to the amount of the debt, unless a party in interest objects to the proof of claim.

**IV.  GENERAL PROVISIONS**

R.  **NONSTANDARD PROVISIONS.** Nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this Model Plan or deviating from it.  Nonstandard provisions set out elsewhere in this Plan are ineffective and void.  The following Plan provisions will be effective only if there is a check in the box "Included" in the Preamble.

1. Escrow provision for administrative claims: The trustee shall, if available after monthly payments on attorney fees and required secured claims payments, escrow $100.0 per month of the debtors' plan payments to be reserved for payment of all allowed administrative expenses.  Applications for administrative expenses not previously allowed or ordered will be filed at least 30 days before the time of the final audit or the 59th month of the plan whichever comes first in order to be paid from escrowed funds.  Failure to apply for the escrowed funds will result in distribution pursuant to the confirmed plan of escrowed funds on plan completion.

2. In all other respects, the Plan remains the same as the Plan filed as Document #16 on January 27, 2020.

BY FILING THIS DOCUMENT, THE ATTORNEY FOR THE DEBTOR(S) OR DEBTOR(S) THEMSELVES, IF NOT REPRESENTED BY AN ATTORNEY, ALSO CERTIFY(IES) THAT THE WORDING AND ORDER OF THE PROVISIONS IN THIS CHAPTER 13 PLAN ARE IDENTICAL TO THOSE CONTAINED IN THE APPROVED MODEL PLAN PURSUANT TO LOCAL BANKRUPTCY RULE 3015(d) FOR THE WESTERN DISTRICT OF MICHIGAN BANKRUPTCY COURT, OTHER THAN ANY NONSTANDARD PROVISIONS INCLUDED IN PARAGRAPH IV.R.

| | |
|---|---|
| May 22, 2020 | /s/ Christopher Caston Miller<br>Christopher Caston Miller, Debtor |
| May 22, 2020 | /s/ Vincent E. Carlson<br>Vincent E. Carlson P71675, Counsel for the Debtor |